**AMERICAN EXPRESS COMPANY, Plaintiff,**

v.

**MASTERCARD INTERNATIONAL INCORPORATED, Defendant.**

**No. 88 Civ. 0783 (CMM).**

United States District Court, S.D. New York.

May 18, 1988.

Skadden, Arps, Slate, Meagher & Flom, New York City (Kenneth Plevan, Miriam Siroky, Mark J. Liss, of counsel), for plaintiff.

Brumbaugh, Graves, Donohue & Raymond, New York City (Russell H. Falconer, Parker H. Bagley, Doreen J. Leavens, of counsel), for defendant.

METZNER, Senior District Judge:

Plaintiff, American Express Company (American Express), seeks injunctive relief and damages from the defendant, Master-Card International Incorporated (Master-Card), for alleged infringement by defendant of plaintiff's service mark "GOLD CARD." The action alleges violation of 15 U.S.C. § 1114, violation of a registered mark; section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), false designation of origin; the common law of unfair competition; New York General Business Law, section 368–D, dilution of the mark; and the laws of New York regarding tortious conduct.

Prior to 1978 American Express had issued, upon payment of an annual fee, a green colored card used to charge purchases at restaurants, retail stores, and travel tickets. In 1978 American Express increased the services it rendered and issued a gold colored card to its members at an increased membership fee.

MasterCard has been engaged in the credit card business for a long period of time, first under the name Mastercharge, and since 1980 under its present name MasterCard. It issued its own card for credit purposes upon payment of an annual fee. The cards, in fact, are issued by individual banks under their respective names, but contain the logo and the name of MasterCard. In 1981 MasterCard decided to increase its business by enlarging the ser-vices it rendered for a higher annual fee. In this connection it issued a gold colored card. MasterCard referred to its card as the Gold MasterCard card.

On April 21, 1970, a service mark "GOLD CARD" was registered in the name of the First National Bank of Allentown, Pennsylvania, to be used by its depositors as identification cards to guarantee payment of checks drawn on the bank. The other side of the service entailed signing up tradesmen willing to cash these checks. On October 31, 1978, American Express filed an application to register "American Express Gold Bank Card." The application was rejected on November 1, 1979, because of the existence of the registered service mark "GOLD CARD." On April 20, 1981, American Express paid the First National Bank of Allentown $10,000 for an assignment of its rights to "GOLD CARD."

There is a dispute as to the correctness of an affidavit filed pursuant to Sections 8 and 15 of the Lanham Act, 15 U.S.C. §§ 1058 and 1065, stating that this mark had been in continuous use in commerce for five years from 1970, the year of registration. The effect of this filing is to create limited contestability of the mark. 15 U.S.C. §§ 1052(f), 1065.

The defendant has failed to carry its heavy burden of proof that the affidavit is false. The deposition testimony of Robbins is just not strong enough to overcome the facts set forth in the affidavit. The letter of April 24, 1981, from counsel to the bank, relied on by defendant, speaks only of "the present time," and denies any knowledge as to when the mark was abandoned. However, the protection is extremely limited (*Miller Brewing Company v. G. Heileman Brewing Co.*, 561 F.2d 75, 79 (7th Cir.1977)), since the services of guaranteeing payment on check cashing is only one of many financial services now being rendered by the parties. I daresay that the charging by members of purchases is far and away the major service rendered involving billions of dollars a year. Consequently, this case must be decided without reference to any benefits of registration.

On June 21, 1983, the Patent and Trademark Office published for comment the application by American Express to use "GOLD CARD" in connection with charge card services and hotel and motel reservation services. That application has not been acted upon because of the opposition of MasterCard and Visa.

The present action followed the appearance of an advertisement placed by Master-Card in the Wall Street Journal on December 15, 1987, the headline of which read:

"The worlds #1 gold card
explains how we beat
American Express
in more ways than one."

American Express has no objection when MasterCard refers to its card as the Gold MasterCard card, nor does it have any objection to the use of a gold card by any of its competitors, or even other businesses. It does object to anyone using "GOLD CARD" as a symbol of services.

We thus have the question of whether "GOLD CARD" is a legally enforceable mark. It is well settled that trade marks have been divided into four categories running from generic to descriptive to suggestive to arbitrary or fanciful. *Abercrombie & Fitch Co. v. Hunting World, Inc.*, 537 F.2d 4, 9–11 (2d Cir.1976).

In *Banff, Ltd. v. Federated Department Stores, Inc.*, 841 F.2d 486, 489 (2d Cir. 1988), the court stated:

"Before beginning analysis, we must acknowledge that placing a mark in one of these four categories is far from an exact science, and that the differences between the classes, which is not always readily apparent, makes placing a mark in its proper context and attaching to it one of the four labels a tricky business at best [cite omitted]."

■ If the words are generic or commonly descriptive they cannot become a trademark. *Abercrombie & Fitch Co., supra; Miller Brewing Company, supra* ("Lite Beer"); *Eastern Air Lines v. New York Air Lines, Inc.*, 559 F.Supp. 1270 (S.D.N.Y.1983) ("air shuttle"). On the other hand, if the words are merely descriptive of the product or service, then a secondary meaning may be achieved creating a legally enforceable right. *Abercrombie & Fitch, supra; Engineered Mechanical Services, Inc. v. Applied Mechanical Technology, Inc.*, 584 F.Supp. 1149 (M.D.La.1984); 15 U.S.C. § 1052(f).

■ The word "gold" can be either generic when used as a noun, or descriptive when used as an adjective. However, the fact that it is an adjective does not prevent it from being commonly descriptive. See *Miller Brewing Co., supra* at 80. The word "card" is generic. The combination of the words "gold" and "card" is generic.

In *Radio Corporation of America v. Decca Records, Inc.*, 51 F.Supp. 493 (S.D. N.Y.1943), Judge Woolsey of this court had before him the question as to the validity of the trade mark for "Red Seal" as applied to the famous records made years ago by Radio Corporation of America. In that case he pointed out at 495 that the trade mark of the words "Red Seal" has the fatal infirmity of the color red as a trade mark. "Red Seal" were descriptive words and not fanciful or arbitrary. He went on to say at 496:

"But clearly the words 'Red Seal' intrinsically are cursed with the same trademark infirmity as is the use of the color red. Its objective is the same, as just noted above, and it is far too broad in its potentialities of exclusion to be countenanced by a Court."

The complaint is dismissed.

■ Defendant has asserted several counterclaims. The first is the cancellation of Registration No. 889858 for "GOLD CARD" issued to the First National Bank of Allentown, and discussed above. As I have indicated, the testimony presented on this trial does not justify cancellation of the registration on the ground of abandonment by the bank.

The other basis alleged for cancellation should be disposed of in the proceeding to cancel this registration pending before the Patent and Trademark Office.

Defendant has alleged an action for declaratory judgment. This claim has been

disposed of with the dismissal of the complaint and by reserving to the Patent and Trademark Office the issues regarding Registration No. 889858. This is also true regarding the application to register Serial No. 191889 and Serial No. 309812. This counterclaim is dismissed.

The application for attorneys' fees by defendant MasterCard pursuant to 15 U.S.C. § 1117 is denied. The history of the relationship between the parties over the years indicates a good faith basis for instituting the action.

Judgment to be entered accordingly.

So ordered.